# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CRAYTONIA BADGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:16-cv-02886-STA-cgc |
| WARDEN FNU CHAPMAN, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Craytonia Badger filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. On November 2, 2019, the Court ordered service of process for various defendants. Defendants Eric Rice, Kendrick Smith, Stephen Warwick, and James Howard have now filed a motion to dismiss.[1] (ECF No. 24.) Plaintiff has not responded to the motion. For the reasons set forth below, the motion to dismiss is **GRANTED**.

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked

---

[1] Although Defendant Moore has not been served with process, the movant Defendants contend, and the Court agrees, that the claims against him should also be dismissed.

assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Plaintiff has alleged that, during a September 23, 2016 search, Defendants used excessive force against him in violation of his Fourteenth Amendment rights by applying handcuffs too tightly and then later taking and holding him on the ground. Because Plaintiff was a federal prisoner at the time of his alleged injury, the Court has construed his complaint as one brought under *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971).[2] (Order, ECF No. 16.) As noted by Defendants, all of Plaintiff's claims concern events that occurred at the West Tennessee Detention Facility ("WTDF") and were allegedly undertaken by employees of WTDF while

---

[2] *Bivens* provides a limited cause of action against individual federal government officers acting under color of federal law and who are alleged to have acted unconstitutionally. 403 U.S. at 397.

Plaintiff was in custody of the United States Marshal Service and was being held at WTDF. WTDF is operated by the private corporation CoreCivic (formerly known as Corrections Corporation of America or CCA), and all defendants were employees of CCA at the time of the alleged events.

This action must be dismissed in its entirety because the Supreme Court has barred *Bivens* actions against private corporations that operate prisons that house federal prisoners. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001). Subsequent to *Malesko*, the Supreme Court refused to extend *Bivens* to actions against the privately employed personnel of a privately operated federal prison. *Minneci v. Pollard*, 565 U.S. 118 (2012) (holding that the availability of state tort actions is adequate to preclude a *Bivens* remedy against employees of a privately operated federal prison because prisoners can still bring money-damages suits against those employees). The *Minneci* Court explained the reason for the distinction between defendants who are employees of the federal government and employees of a private corporation as follows:

> Prisoners ordinarily cannot bring state-law tort actions against employees of the Federal Government. *See* 28 U.S.C. §§2671, 2679(b)(1) (Westfall Act) (substituting United States as defendant in tort action against federal employee); *Osborn v. Haley*, 549 U.S. 225, 238, 241 (2007) (Westfall Act immunizes federal employee through removal and substitution of United States as defendant). But prisoners ordinarily can bring state-law tort actions against employees of a private firm.

*Id.* at 126. The court must consider whether "state tort remedies provide roughly similar incentives for potential defendants to comply" with the constitutional right at issue "while also providing roughly similar compensation to victims of violations." *Id.* at 129-30.

Post *Minneci*, courts have refused to extend *Bivens* to include excessive force claims against employees of private prison corporations when state tort law provides a civil cause of action for assault and battery. *See*, *e.g.*, *Crosby v. Martin*, 502 F. App'x 733 (10th Cir. 2012)

3

(holding that a plaintiff cannot bring a claim of excessive force against employees of a private prison under *Bivens* because state law tort remedies exist); *Speed v. Wyman*, 2016 WL 1720698 (N.D. Ohio April 29, 2016) (holding that excessive force claims involve conduct which typically falls within the scope of the traditional state tort law of assault and battery and, thus, a plaintiff cannot bring a *Bivens* claim for the use of excessive force); *Johnson v. United States Bureau of Prison*, 2013 WL 1819227 (N.D. Ohio April 29, 2013) (holding that excessive force claims are analogous to assault and battery claims and that a plaintiff cannot therefore proceed with an excessive force claim under *Bivens* against a private prison corporation employee).

It is well-established that Tennessee law provides the means to bring a civil suit for assault and battery.[3] Thus, based on the state law remedies available in Tennessee, Plaintiff cannot show the lack of an "alternative, existing process" by which he could bring suit against Defendants to justify an expansion of *Bivens*. Because Plaintiff has an adequate remedy under state tort law, Defendants' motion to dismiss is **GRANTED**, and judgment will be entered in favor of Defendants.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: May 6, 2019.

---

[3] In Tennessee, assault is defined as "any act tending to do corporal injury to another, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against the person." *Thompson v. Williamson Cnty.*, 965 F. Supp. 1026, 1037 (M.D. Tenn. 1997). Battery is defined as "any intentional, unlawful and harmful (or offensive) contact by one person with the person of another." *Raines v. Shoney's, Inc.*, 909 F. Supp. 1070, 1083 (E.D. Tenn. 1995).